IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:08-00493 |
| vs. ) | JUDGE TRAUGER / KNOWLES |
| ) | |
| ) | |
| METRO GENERAL HOSP. AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss filed by Defendant Deputy Warden Lee Miller. Docket Entry No. 18. Defendant has contemporaneously filed a "Memorandum of Law in Support of [his] Motion to Dismiss." Docket Entry No. 19.

Plaintiff has not responded to Defendant's Motion.

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights. Docket Entry No. 1. Plaintiff sues, *inter alia*, Deputy Warden Lee Miller in his "individual official capacity."[1] *Id.*

Plaintiff seeks compensatory and punitive damages, as well as "court fees and any other

---

[1] Because Plaintiff is pro se, the undersigned will liberally construe "individual official capacity" as Plaintiff suing Defendant in both his individual and his official capacities.

1

fees [the] Court deems appropriate." *Id.*

Plaintiff filed an application to proceed in forma pauperis (Docket Entry No. 2), which was granted by Judge Trauger (Docket Entry No. 5). Judge Trauger's Order also determined that Plaintiff's case was not facially frivolous, directed that process should issue, and referred this case to the undersigned. *Id.*

Defendant Miller filed the instant Motion to Dismiss and supporting Memorandum of Law on July 29, 2008. Docket Entry Nos. 18 and 19. Defendant Miller argues that Plaintiff's claims against him should be dismissed because *respondeat superior* is not a basis for imposing liability under §1983 and Plaintiff has failed to establish Defendant's personal involvement. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant Miller's Motion to Dismiss be GRANTED.

## II. Facts[2]

On or about May 7, 2007, Dr. Williams at Northeast Correctional Complex ("NECX") "found" that Plaintiff's liver enzymes were "extremely high," and "did a consultation through First Medical Management Doctor Burns."

On June 21, 2007, Plaintiff was taken to Lois M. DeBerry Special Needs Facility for a liver biopsy. On June 26, 2007, Plaintiff was taken to Metro General Hospital, where he received an ultrasound to locate his liver. Once Plaintiff's liver was located, he underwent a biopsy and then spent two hours in recovery.

On July 5, 2007, Dr. McNeil informed Plaintiff that apparently the physician who had

---

[2] Unless otherwise noted, the following "facts" are taken from Plaintiff's Complaint. Docket Entry No. 1.

performed Plaintiff's liver biopsy had "went through" Plaintiff's liver and mistakenly biopsied his kidney, and that accordingly, Plaintiff would be scheduled for another liver biopsy. On or about July 13, 2007, Plaintiff underwent this liver biopsy. Plaintiff's liver biopsy revealed that he was in "stage two liver disease, Genotype (1)(A)," and Plaintiff was placed on Interferon and Riboflavin treatment for forty-eight weeks.[3] Plaintiff states that he has not received his medication.

### III. Analysis

#### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of this rule is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

---

[3] Interferon is an injection, while Riboflavin is a daily oral medication.

434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

### B.  **42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Entry No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised

4

power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C. The Case at Bar

Plaintiff sues Defendant Deputy Warden Lee Miller in his "individual official capacity." Docket Entry No. 1. As noted above, the undersigned will liberally construe Plaintiff's statement to mean that he sues Defendant Miller in both his individual and official capacities.

Although Defendant Miller is the Deputy Warden, § 1983 liability cannot be predicated upon the theory of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). In order for Defendant Miller to be held liable in his individual capacity, Plaintiff must demonstrate that Defendant Miller personally condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-74 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State*

*of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

In the case at bar, the only averment Plaintiff makes regarding Defendant Miller is that, on September 14, 2007, he filed a discrimination and equal protection grievance against Defendant Miller because he was not receiving his medication.[4]  Docket Entry No. 1.

Even taking Plaintiff's allegations as true, as the Court must do, Plaintiff fails to demonstrate personal involvement by Defendant Miller in the conduct which allegedly violated his rights.  Because Plaintiff has not alleged any facts to support an argument that Defendant "personally condoned, encouraged, or participated in" anything pertaining to Plaintiff's claims, Defendant Miller cannot be held personally liable.

With regard to Plaintiff's official capacity claims against Defendant Miller, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."  *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)).  *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988).  As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity.  *Id*.

Defendant Miller, as an employee of the Tennessee Department of Correction, represents the State of Tennessee.  Thus, inasmuch as Plaintiff brings the instant § 1983 claims against Defendant Miller in his official capacity, Defendant stands in the shoes of the State of

---

[4] Despite his allegations, a review of the Grievances attached to Plaintiff's Complaint do not contain any Grievances "against" Defendant Miller on September 14, 2007.

Tennessee.  The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002).  Accordingly, Plaintiff cannot maintain his § 1983 claims, and the claims against Defendant Miller in his official capacity should be dismissed.

## IV.  Conclusion

For the foregoing reasons, the undersigned recommends that Defendant Miller's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge