UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY PATTERSON           ]
    Plaintiff,             ]
                            ]
v.                          ]   No. 3:08-0493
                            ]   Judge Trauger
METRO GENERAL HOSPITAL      ]
AUTHORITY, et al.           ]
    Defendants.            ]

MEMORANDUM and ORDER

On September 30, 2008, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 36) in which he urges the Court to grant a Motion to Dismiss (Docket Entry No. 18) filed by Deputy Warden Lee Miller, a defendant. The plaintiff has submitted timely objections (Docket Entry No. 39) to the Report and Recommendation.

When a party makes timely objections to a Magistrate Judge's Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." Rule 9(b)(3), L.R.M.P.; Rule 72(b)(3), Fed. R. Civ. P.

The Court has conducted the requisite *de novo* review of the Report and Recommendation, plaintiff's objections and the complaint (Docket Entry No. 1). A motion to dismiss will be granted only if it appears that the complaint does not contain either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. *Id.* at 127 S.Ct. 1974.[1] In reviewing a motion to dismiss, the allegations in the complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare allegations of legal conclusions, though, are needed to withstand a motion to dismiss. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

The plaintiff, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants have failed to properly treat the liver disease that threatens his health.

In the complaint, the plaintiff stated "On 9-14-07, I filed discrimination grievance and equal protection against Warden Lee Miller and Health Admin. Jerry Hayes, Doctor Williams, Doctor Burns of F.M.M. First Medical Management. Because I have not received any treatment for my Stage Two liver disease." Docket Entry No. 1 at pgs. 2-3. No other mention is made of this defendant in the complaint, with the exception of a brief description of who he is. *Id.* at pg. 5.

In his Report and Recommendation, the Magistrate Judge concludes that the plaintiff has failed to state a claim against Deputy Warden Miller upon which relief can be granted. This conclusion is grounded in the fact that Deputy Warden Miller is apparently being sued solely because of his position as a supervisor at the prison.

This defendant is not a medical doctor. Nor is he a member of the medical staff at the prison. Deputy Warden Miller has no direct involvement in the diagnosis or treatment of the plaintiff's

---

[1] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

malady. Thus, the Magistrate Judge correctly found that Deputy Warden Miller is being sued because he has some type of supervisory authority over those staff members at the prison who allegedly will not treat the plaintiff's liver disease.[2] However, the plaintiff can not sue a defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983).

     The complaint contains no factual allegations that would suggest that the defendant is in any way involved in the care and treatment of the plaintiff's medical condition. In his objections, the plaintiff describes Deputy Warden Miller as "the Supervisor over the institution's Medical Department" who "knew about or should have known about the complaints made by the plaintiff being deprived of medical care and available treatment." Docket Entry No. 39 at pg. 2. Nevertheless, supervisory liability under § 1983 can not be based upon a mere failure to act. Active unconstitutional behavior is needed. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002). Moreover, § 1983 relief will not be granted against a prison official whose only involvement was a denial of administrative remedies. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, the Magistrate Judge correctly found that the plaintiff has failed to state a claim upon which relief can be granted against Deputy Warden Miller.

     Accordingly, for the reasons stated above, the Court finds no merit in the plaintiff's

---

[2] This conclusion is buttressed by the fact that the plaintiff addresses the defendant by his official title only, without attempting to portray him as an individual making medical decisions.

objections. The objections, therefore, are OVERRULED and the Report and Recommendation is ADOPTED and APPROVED in all respects. The defendant's Motion to Dismiss all claims against Deputy Warden Miller is hereby GRANTED.

    It is so ORDERED.

                                             Aleta A. Trauger
                                             United States District Judge