# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>) | |
| vs. ) | CASE NO. 3:08-00493<br>JUDGE TRAUGER / KNOWLES |
| )<br>)<br>METRO GENERAL HOSPITAL AUTHORITY,)<br>et al., )<br>)<br>Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a second Motion to Dismiss for failure to state a claim upon which relief can be granted filed by Defendant Deputy Warden Lee Miller. Docket No. 71. Defendant Miller has contemporaneously filed a supporting Memorandum of Law. Docket No. 72.

Plaintiff, through counsel, has filed a Response to the instant Motion (Docket No. 83), to which Defendant Miller has filed a Reply (Docket No. 88).

Defendant Miller filed his initial Motion to Dismiss and supporting Memorandum of Law on July 29, 2008. Docket Nos. 18 and 19. In that Motion, Defendant Miller argued that Plaintiff's claims against him should be dismissed because *respondeat superior* is not a basis for imposing liability under §1983 and because Plaintiff had failed to establish Defendant's personal involvement. *Id.* At the time Defendant Miller filed that Motion, Plaintiff was proceeding *pro se*.

1

On September 30, 2008, the undersigned submitted a Report and Recommendation recommending that Defendant Miller's Motion to be Dismiss be granted. Docket No. 36. On October 29, 2008, over Plaintiff's objections, Judge Trauger adopted the undersigned's Report and Recommendation and granted Defendant Miller's Motion to Dismiss all claims against him. Docket No. 49.

Plaintiff was later appointed counsel in an Order entered November 5, 2008. Docket No. 54. Plaintiff's counsel filed a First Amended Complaint on March 31, 2009, wherein he again named Deputy Warden Lee Miller as a Defendant. Docket No. 70. Defendant Miller filed the instant Motion to Dismiss and supporting Memorandum of Law again arguing that Plaintiff's claims against him should be dismissed because *respondeat superior* is not a basis for imposing liability under §1983 and because Plaintiff has failed to sufficiently establish Defendant Miller's personal involvement. Docket Nos. 71 and 72.

Plaintiff, though counsel, has filed a Response in Opposition and supporting Memorandum, arguing that Defendant's Motion should be denied because the "respective causes of action alleged against the defendant Lee Miller are well plead and provide sufficient notice to the defendants of the nature of the causes asserted against them," and because "the alleged facts clearly state a cause of action for 42 U.S.C. § 1983 under the danger creation doctrine." Docket Nos. 83 and 85. Plaintiff further argues that Defendant Miller had supervisory authority over personnel and that Plaintiff's filed grievances and their responses "clearly establish actions of administration and supervision which have been held to be actionable violations of 42 U.S.C. § 1983 under the danger creation doctrine." Docket No. 85, *citing Currier v. Doran*, 242 F.3d 905, 918 (10th Cir. 2001).

2

Defendant Miller has Replied to Plaintiff's Response. Docket No. 88. In his Reply, Defendant Miller argues that Plaintiff's reliance on the Tenth Circuit's interpretation of the "danger creation doctrine" is misplaced. *Id.* Defendant contends that the Sixth Circuit has recognized a "state created danger" doctrine as "when the State 'causes or greatly increases the risk of harm to its citizens . . . through its own affirmative acts.'" *Id., quoting Jones v. Reynolds*, 438 F. 3d 685, 690 (6th Cir. 2006) *quoting Kallstrom v. City of Columbus*, 136 F. 3d 1055, 1066 (6th Cir. 1998); *also citing Brooks v. Knapp*, 221 F. 3d Appx. 402 (6th Cir. 2007) and *Tanner v. County of Lenawee*, 452 F. 3d 472 (6th Cir. 2006).

As noted by Defendant Miller, in order to bring a "state created danger" claim in the Sixth Circuit, an individual must establish:

> 1. An affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party;
>
> 2. A special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and
>
> 3. The state knew or should have known that its actions specifically endangered the plaintiff.

*Cartwright v. City of Marine City*, 336 F. 3d 487, 493 (6th Cir. 2003). *See also Kallstrom*, 136 F. 3d at 1006.

Defendant Miller contends that Plaintiff has failed to state a claim under the "state created danger" doctrine against him because Plaintiff has failed to state affirmative acts by him. Docket No. 88. Defendant argues that his alleged failure to respond to Plaintiff's filed grievances or Title VI complaint is not an affirmative act, as a failure to act is not an affirmative act under the "state created danger" doctrine. *Id., citing Cartwright*, 336 F. 3d at 493; *Reynolds*,

3

438 F. 3d at 691; *Knapp*, 221 F. 3d at 407. Defendant also argues that Plaintiff has failed to allege sufficient personal involvement by him in the acts that allegedly violated his constitutional rights and that *respondeat superior* is not a basis for imposing liability under 42 U.S.C. § 1983. *Id., citing Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

As an initial matter, Defendant is correct that Plaintiff has failed to allege actions that satisfy the Sixth Circuit's requisite conditions for establishing a "state created danger" doctrine. Because Plaintiff cannot demonstrate that Defendant Miller either created or increased the risk that Plaintiff would be exposed to an act of violence by a third party, he cannot sustain his "state created danger" claim against him.

Moreover, Plaintiff's First Amended Complaint fails to allege any specific action taken personally by Defendant Miller. Several paragraphs in Plaintiff's First Amended Complaint set forth broad allegations that "all defendants" have denied him treatment; have been deliberately indifferent to his medical needs; have deliberately ignored his medical conditions; and have failed to properly train and supervise personnel. Docket No. 70. These allegations, however, are general: none of them demonstrates any specific action taken personally by Defendant Miller.

Furthermore, although Plaintiff's First Amended Complaint also avers that he filed grievances and appeals which were denied, the filing of grievances and appeals is insufficient to impose liability on Defendant Miller, the Deputy Warden of NECX. Supervisory liability does not arise from the failure to act upon information contained in a grievance or the denial of a grievance. *See Summers v. Leis,* 368 F.3d 881, 888 (6th Cir.2004); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *See Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.

4

Mich.1987). Plaintiff's filing of grievances and appeals is insufficient to demonstrate that Defendant Miller personally condoned, encouraged, or participated in the conduct Plaintiff alleges violated his constitutional rights.

For the foregoing reasons, the undersigned recommends that Defendant Miller's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge