IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:08-00493 |
| vs. ) | JUDGE TRAUGER / KNOWLES |
| ) | |
| ) | |
| METRO GENERAL HOSPITAL AUTHORITY,) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Renewed Motion for Judgment on the Pleadings" filed by Defendant Metropolitan General Hospital Authority. Docket No. 74. Plaintiff, through counsel, has filed a Response to the instant Motion (Docket No. 84), and a supporting Memorandum of Law (Docket No. 86).

Defendant filed its initial Motion for Judgment on the Pleadings and supporting Memorandum of Law on October 23, 2008. Docket Nos. 42, 43. In that Motion, Defendant argued that Plaintiff's claims against it should be dismissed because Plaintiff had not identified an official policy, practice, or custom of it that caused his alleged injuries, as is required to sustain his 42 U.S.C. § 1983 claim. *Id.* At the time Defendant filed that Motion, Plaintiff was proceeding *pro se*.

After the initial Motion was filed, the Court appointed counsel for Plaintiff (Docket No. 54), and counsel filed an Amended Complaint (Docket No. 70). The undersigned, therefore,

1

submitted a Report and Recommendation recommending that Defendant's Motion be denied as moot. Docket No. 90. On August 25, 2009, Judge Trauger adopted that Report and Recommendation. Docket No. 96.

Plaintiff's counsel filed a First Amended Complaint on March 31, 2009. Docket No. 70. The only specific references to the instant Defendant in the First Amended Complaint are, in their entirety, as follows:

> 5. The Defendant Metropolitan General Hospital Authority, is a hospital organized under the Charter of the City of Nashville, Tennessee and doing business as a medical services provider to the public and contracting as a medical services provider to the Tennessee Department of Corrections, Lois Deberry Special Needs Medical Prison and NEXC, Mountain City, Tennessee on the relevant dates as stated throughout the complaint. On good faith information and belief the facility does business at 1808 Orbion Street, Nashville, Tennessee 37122. Thus, these Defendants perform traditional state functions "under color of law," and for the purposes of this action are state actors.
> . . .
> 11. Mr. Michael Bucholz, M.D. on good faith information and belief is a physician granted privileges to practice medicine at the Metropolitan General Hospital Authority. He is, on good faith belief and information, believed to have performed the first biopsy of the liver on the Plaintiff as stated in the complaint. . . .

*Id.*

Additionally, several paragraphs in Plaintiff's First Amended Complaint set forth broad allegations against "all defendants" that they have denied him treatment; have been deliberately indifferent to his medical needs; have deliberately ignored his medical conditions; and have failed to properly train and supervise personnel. *Id.*

Defendant asserts that it is a municipal entity for the purposes of 42 U.S.C. § 1983 actions, and that, accordingly, it can be held liable only when its official policy, practice, or

2

custom caused Plaintiff injury. *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 690, 694. (1978). Defendant argues that Plaintiff has failed to identify any official policy, practice, or custom that caused him injury and, therefore, Plaintiff cannot sustain his claim against it. *Id.* Defendant contends:

> Plaintiff appears to premise his claim against MHA on his allegation that a [] physician performed an unnecessary and/or incorrect procedure on him at MHA. Such an allegation, at most, would implicate *respondeat superior* liability on the part of MHA for that physician's action. ... Section 1983 does not impose *respondeat superior* liability upon a municipal entity.

Docket No. 43.

Plaintiff, though counsel, has filed a Response in Opposition and supporting Memorandum, arguing that Defendant should be held liable under the "danger creation doctrine." Docket Nos. 84 and 86. Plaintiff argues that Defendant knew of Plaintiff's increased vulnerability to medical danger because Defendant has a "duty to the general population of Nashville and surrounding counties to administer its hospital medical privileges in a competent and reasonable manner." *Id.* Plaintiff also argues that "defendant's acts were reckless and in conscious disregard of these risks and are clearly identified as 'custom or policy' of the municipality acting in concert with Northeast Correctional Facility (NECX) in the provision of medical service to state prisoners." *Id.* Plaintiff further contends, "Metro General Hospital has supervisory authority over personnel dealing with the constitutional problem of adequate medical care and deliberate indifference to serious medical needs of the plaintiff Jeffery Patterson, which are clearly implicated by the medical procedures performed on the defendant [*sic*]." *Id.*

The United States Supreme Court has recently addressed the appropriate standard that

3

must be applied in considering a Motion to Dismiss for failure to state a claim, which is the same standard that applies to a Motion for Judgment on the Pleadings.[1] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

With respect to the allegations pertaining to Defendant Metropolitan General Hospital Authority specifically, nothing in the above referenced paragraphs of Plaintiff's First Amended Complaint pertains to an official policy, practice, or custom of Defendant that caused Plaintiff injury. With regard to the allegations pertaining to "all defendants," those allegations are general: none of them pertains to an official policy, practice, or custom of Defendant that caused Plaintiff injury. Because Plaintiff has failed to even allege that a policy, practice, or custom of Defendant caused the deprivation of his constitutional rights, much less to provide any factual support for such a claim, Plaintiff cannot sustain a cause of action under 42 U.S.C. §1983.

---

[1] *See* Moore's Federal Practice (3d Ed.) §12.38, p. 12-134 to -137.

For the foregoing reasons, the undersigned recommends that Defendant's Renewed Motion for Judgment on the Pleadings (Docket No. 74) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                 E. CLIFTON KNOWLES
                                                 United States Magistrate Judge