IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:08-0493 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| METRO GENERAL HOSPITAL ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

On April 21, 2010, the undersigned entered an Order (Docket No. 137), denying Defendants' Motion to Dismiss Plaintiff's claims as a sanction for Plaintiff's failure to appear at his deposition (Docket Nos. 98, 100). That Order did, however, require Plaintiff and his counsel to make themselves available for Plaintiff's deposition within thirty (30) days of April 21, 2010. Docket No. 137, p. 14. The Order also stated in relevant part:

> Plaintiff and Defendants shall cooperate in an attempt to schedule the deposition at a time convenient to all. If counsel are unable to agree, Defendants may notice Plaintiff's deposition, and Plaintiff may file a Motion for a Protective Order if necessary and/or appropriate.
>
> *If Plaintiff fails to comply with the instant Order, the undersigned will recommend that this action be dismissed with prejudice.*

*Id*. (Emphasis added.)

On May 10, 2010, Plaintiff's counsel filed a "Joint Request for Status Conference on Discovery Order for Deposition." Docket No. 139. While that document suggests that it is a

"Joint Request," involving Plaintiff's counsel and counsel for Defendant Jerry Hayes, only Plaintiff's counsel signed the "Joint Request." The Joint Request states in relevant part as follows:

> After several telephone conversations with the defendant regarding the April 21, 2010, order of the court for the deposition of the plaintiff, plaintiff's counsel has been informed by the defendant [*sic*] that he is unwilling to be deposed in this matter. His rationale is that he "absconded from parole" at his Chattanooga, Tennessee half-way house, since he last spoke with his counsel over a month ago. His reasons are that he was denied equal treatment with other residents. He believes that if he appears for a deposition he will be taken into custody and his parole violated. There is no current parole violation against the defendant [*sic*]. Thus, the order of the court to hold the deposition in this matter cannot be complied with, even with due diligence and good faith efforts of the plaintiff's counsel. An order in this matter is appropriate.

Docket No. 139, p. 1-2. The "Joint Request" did not specify what kind of Order was "appropriate."

On May 21, 2010, Defendant Jerry Hayes submitted a document headed, "Notice To Court of Plaintiff's Refusal to Attend Deposition and Motion to Dismiss On Said Basis." Docket No. 140. That Notice stated in part that Plaintiff's counsel had advised Defendant Hayes' counsel that Plaintiff "would not attend any scheduled deposition of his case," for the reasons discussed above. On this basis, Defendant Hayes seeks a dismissal of this action with prejudice.

Plaintiff has clearly failed to abide by the Court's Order entered April 21, 2010 (Docket No. 137). That Order specifically warned that, if Plaintiff failed to comply with the Order, "the undersigned will recommend that this action be dismissed with prejudice." *Id.*, p. 14.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITH PREJUDICE, as to all Defendants.

2

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge